# Cote, Appellant, *v.* Langton.

*Trusts and trustees—Title to real estate—Execution—Notice of trust—Sheriff's sale.*

Where a trustee conveys real estate which he has held as trustee for himself and for his brothers and sister to another person by a deed which does not show the trust, but the grantee on being informed of the trust agrees to hold it on the same trusts as the grantor, a judgment creditor of the grantor who purchases the property at a sheriff's sale, with full knowledge of the facts relating to the trust, takes no more than the original trustee's individual interest in the property.

Argued Oct. 21, 1909. Appeal, No. 117, Oct. T., 1909, by plaintiff, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1909, No. 456, dismissing bill in equity in case of George M. Cote v. Thomas M. Langton, Sidney F. Langton, Andrew G. Langton, James A. Langton, Meade S. Langton and Ulysses G. Vogan. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity by a judgment creditor of Thomas M. Langton.

FRAZER, P. J., filed an opinion which was in part as follows:

The purpose of the bill was to enjoin defendants from asserting title to certain real estate situated in Chartiers township, or claiming any interest therein as individuals, trustees or otherwise.

In our opinion the testimony clearly shows that Thomas M. Langton held the property in controversy in trust for himself and his brothers and sister. This fact was known to plaintiff long before he purchased the property at sheriff's sale. Consequently plaintiff by his sheriff's deed took no more than the interest of Thomas M. Langton. The situation was not changed in the least by the deed from Thomas M. Langton to U. G. Vogan. Mr. Vogan acted at the request of a fellow member of the bar in taking title to the property, and understood that he was taking it merely as trustee for Thomas M. Langton. Upon learning shortly afterward that Langton himself held as trustee for himself and brothers and sister, Vogan immediately agreed to hold the property under the same trusts and conditions that Thomas M. Langton held it. Under these circumstances plaintiff takes no more than the interest of Thomas M. Langton.

The court entered a decree dismissing the bill.

*Error assigned* was decree dismissing the bill.

*S. S. Robertson,* for appellant.

*Harvey A. Miller,* for appellees.

PER CURIAM, January 3, 1910:

The decree is affirmed on the opinion of the learned judge of the common pleas.